UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FEDERAL HOME LOAN MORTGAGE CORPORATION,

Plaintiff(s),

v.

BENJAMIN DONEL,

Defendant(s).

Case No. 2:16-CV-176 JCM (PAL)

ORDER

Presently before the court is plaintiff Federal Home Loan Mortgage Corporation's ("Freddie Mac") motion for summary judgment. (ECF No. 25). *Pro se* defendant Benjamin Donel filed a response (ECF No. 26), to which Freddie Mac replied (ECF No. 27).

**I.　Facts**

This case involves a dispute over real property located at 7400 W. Flamingo Road, Unit 2050, Las Vegas, Nevada 89147 (the "property"). On March 14, 2005, Colten James Rowland obtained a loan from ABN AMRO Mortgage Group, Inc. in the amount of $143,000.00 to purchase the property, which was secured by a deed of trust recorded on March 23, 2005. (ECF No. 1).

On September 6, 2008, pursuant to the Housing Economic Recovery Act of 2008, 12 U.S.C. § 4617 *et seq.* ("HERA"), Federal Housing Finance Agency's ("FHFA") director placed Freddie Mac into conservatorship. (ECF Nos. 1 at 2; 25 at 4).

On October 2, 2009, Alessi & Koenig, LLC ("A&K"), acting on behalf of Altair Homeowners Association (the "HOA"), recorded a notice of delinquent assessment lien, stating an amount due of $1,398.00. (ECF No. 1). On December 1, 2009, A&K recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of

$2,728.00.  (ECF No. 1).  On April 7, 2010, A&K recorded a notice of trustee's sale, stating an amount due of $3,356.67.  (ECF No. 1).

Freddie Mac asserts that the amounts secured by the 2009 notice of lien were paid in full, but the HOA never recorded a release of the 2009 notice of lien.  (ECF No. 1 at 5).

On July 21, 2014, CitiMortgage, Inc. ("CMI"), as servicer to Freddie Mac, recorded a notice of delinquent assessment lien.  (ECF No. 1 at 4).  On October 27, 2014, CMI recorded a notice of trustee's sale.  (ECF No. 1).  A trustee's deed upon sale was recorded on November 24, 2014.  (ECF No. 1).

On November 26, 2014, A&K recorded a second notice of lien, stating an amount due of $11,031.00.  (ECF No. 1).

A special warranty deed in Freddie Mac's favor was recorded on December 16, 2014. (ECF No. 1).

On December 19, 2014, CMI, acting on behalf of Freddie Mac, submitted a check in the amount of $175.00 to the HOA in payment of HOA assessments for December 2014, which the HOA allegedly accepted and cashed.  (ECF No. 1 at 6).  On January 9, 2015, CMI submitted two checks, on behalf of Freddie Mac, to the HOA in the amounts of $1,429.88 and $3,551.52 for certain HOA assessments.  (ECF No. 1 at 6).  The HOA allegedly rejected the $1,429.88 check, but accepted and cashed the $3,551.52 check.  (ECF No. 1 at 6).

On January 20, 2015, A&K recorded a third notice of delinquent assessment lien, stating an amount due of $3,392.14.  (ECF No. 1 at 6).

On February 9, 2015, the HOA recorded a release of claim of lien, releasing the 2014 notice of lien.  (ECF No. 1 at 7).

On February 21, 2015, CMI, on behalf of Freddie Mac, submitted a payment of $175.00 to the HOA for February 2015 HOA assessments, which the HOA allegedly rejected.  (ECF No. 1 at 7).  CMI continued to submit the same payments for March through July 2015, all of which were allegedly rejected by the HOA.  (ECF No. 1 at 7).

On March 27, 2015, A&K recorded a notice of default and election to sell under the 2015 notice of default, asserting an amount due of $4,919.35.  (ECF No. 1 at 7).  On August 3, 2015,

A&K recorded a notice of foreclosure sale, stating an amount due of $4,532.63. (ECF No. 1 at 7–8).

On September 9, 2015, Donel purchased the property for $33,100.00 at the HOA foreclosure sale. (ECF No. 1 at 8). A trustee's deed upon sale in Donel's favor was recorded on September 10, 2015. (ECF No. 1 at 8).

FHFA did not consent to any purported extinguishment of Freddie Mac's ownership interest in the property. (ECF No. 1 at 8).

On January 29, 2016, Freddie Mac filed the underlying complaint against Donel, alleging two claims for relief: (1) declaratory relief; and (2) quiet title. (ECF No. 1).

On May 25, 2016, Donel filed an answer and counterclaim for quiet title relief. (ECF No. 10).

In the instant motion, Freddie Mac moves for summary judgment in its favor. (ECF No. 25).

**II.  Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has

the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the

nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. Discussion[1]**

As an initial matter, the court acknowledges that Donel's answer/counterclaim (ECF No. 10) and response (ECF No. 26) were filed *pro se* and are therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted). However, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). "Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).[2]

In the instant motion, Freddie Mac argues that summary judgment in its favor is proper because the federal foreclosure bar preempts contrary state law. (ECF No. 25 at 6).

In response, Donel argues that Freddie Mac failed to establish that § 4617(j)(3) was implicated by virtue of Freddie Mac's "title interest in the property." (ECF No. 26 at 15). The court disagrees. *See generally G & P Inv. Enters., LLC v. Wells Fargo Bank, N.A.*, 199 F. Supp. 3d 1266 (D. Nev. 2016).

HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq.* In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As

---

[1] The court takes judicial notice of the recorded documents attached as exhibits (1) through (9) of Freddie Mac's motion for summary judgment (ECF No. 25). *See, e.g.*, *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011) (holding that a court may take judicial notice of public records if the facts noticed are not subject to reasonable dispute); *Intri-Plex Tech., Inv. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

[2] In his response, Donel argues that Freddie Mac failed to join the HOA and A&K in the action. (ECF No. 26 at 3). Unfortunately, Donel waived this Rule 12(b)(7) defense by failing to assert it in a motion before filing his answer (ECF No. 10). *See* Fed. R. Civ. P. 12(b)(7) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").

conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Here, a special warranty deed in favor of Freddie Mac was recorded on December 16, 2014. Pursuant to § 4617(b)(2)(A)(i), FHFA, as conservator, immediately succeeded to all rights, titles, powers, and privileges of Freddie Mac. *See* 12 U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA held an interest in the deed of trust as conservator for Freddie Mac prior to the HOA foreclosure sale on September 9, 2015.

FHFA did not consent to the extinguishment of Freddie Mac's property interest through the HOA foreclosure sale. Thus, the plain language of § 4617(j)(3) prevents the HOA's foreclosure on the property from extinguishing the deed of trust.

Accordingly, the HOA's foreclosure sale of its superpriority interest on the property did not extinguish Freddie Mac's interest in the property secured by the deed of trust or convey the property free and clear to Donel because FHFA did not consent as required under § 4617(j)(3). Therefore, Freddie Mac is entitled to summary judgment on its declaratory relief and quiet title claims.

. . .

. . .

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Freddie Mac's motion for summary judgment (ECF No. 25) be, and the same hereby is, GRANTED.

The clerk is instructed to enter judgment accordingly and close the case.

DATED June 21, 2017.

_____
UNITED STATES DISTRICT JUDGE